IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| Brandon Smith,<br><br>    Plaintiff,<br><br>vs.<br><br>Equifax Information Services, LLC,<br>a Georgia limited liability company, and<br>Credit Management, LP,<br>a foreign corporation,<br><br>    Defendants. | Case No.:<br><br><br><br>**JURY DEMAND** |

# COMPLAINT

NOW COMES THE PLAINTIFF, BRANDON SMITH, BY AND THROUGH COUNSEL, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Cordova, Shelby County, Tennessee.

4. Venue is proper in the Western District of Tennessee, Western Division.

## PARTIES

5. Plaintiff is a natural person residing in City of Cordova, Shelby County, Tennessee.

6. Defendant Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the State of Tennessee.

7. Defendant Credit Management, LP ("Credit Management"), is a foreign corporation that conducts business in the State of Tennessee.

## GENERAL ALLEGATIONS

8. Credit Management is inaccurately reporting its tradeline ("Errant Tradeline") on Plaintiff's Equifax credit disclosure with an erroneous account status as open.

9. The account reflected by the Errant Tradeline was discharged in his Chapter 7 Bankruptcy petition.

10. The Errant Tradeline should be reported by Credit Management with an account status as closed.

11. On September 24, 2019, Plaintiff obtained his Equifax credit disclosure and noticed the Errant Tradeline reporting inaccurately with an erroneous account status as open.

12. On or about November 07, 2019, Plaintiff submitted a letter to Equifax disputing the Errant Tradeline.

13. In his dispute letter, Plaintiff explained that the account reflected by the Errant Tradeline was discharged in his Chapter 7 Bankruptcy petition. Accordingly, Plaintiff asked Equifax to report the Errant Tradeline with an account status as closed.

14. Equifax forwarded Plaintiff's consumer dispute to Credit Management. Credit Management received Plaintiff's consumer dispute from Equifax.

15. Credit Management did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff's dispute.

16. Plaintiff had not received Equifax investigation result. Therefore, on December 17, 2019, Plaintiff obtained his Equifax credit disclosure which showed that Credit Management and Equifax failed or refused to report the account status as closed on the Errant Tradeline.

17. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also

experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit file. Also, Plaintiff has been unable to improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CREDIT MANAGEMENT**

18. Plaintiff realleges paragraphs 1 through 17 as if recited verbatim herein.

19. After being informed by Equifax of Plaintiff's consumer dispute of the erroneous reporting of the account status on the Errant Tradeline, Credit Management negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b).

20. Credit Management negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b) and failed to direct Equifax to report the Errant Tradeline with an account status as closed.

21. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax to which Credit Management is reporting such Tradeline.

22. As a direct and proximate cause of Credit Management's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, humiliation, and embarrassment.

23. Credit Management is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

24. Plaintiff has a private right of action to assert claims against Credit Management arising under 15 U.S.C. § 1681s-2(b).

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CREDIT MANAGEMENT

25. Plaintiff realleges paragraphs 1 through 24 as if recited verbatim herein.

26. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Credit Management willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to report the Errant Tradeline with an account status as closed.

27. Credit Management willfully failed to review all relevant information available to it and provided by Equifax as required by 15 U.S.C. § 1681s-2(b).

28. As a direct and proximate cause of Credit Management's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, humiliation, and embarrassment.

29. Credit Management is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

30. Plaintiff realleges paragraphs 1 through 29 as if recited verbatim herein.

31. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

32. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

33. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

34. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

35. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

36. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

37. Plaintiff realleges paragraphs 1 through 36 as if recited verbatim herein.

38. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

39. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

40. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

41. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

42. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

43. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

## PRAYER FOR RELIEF

Plaintiff asks that this court grant judgment against Defendants and award Plaintiff the following:

1. The greater of statutory or actual damages;
2. Punitive damages;
3. Costs, interest and reasonable attorney's fees; and
4. Such other relief as the Court may deem appropriate.

DATED:  May 21, 2020

>/s/ Susan S. Lafferty
>SUSAN S. LAFFERTY, BPR 025961
>ssl@laffertylawtn.com
>1321 Murfreesboro Pike, Suite 521
>Nashville, TN 37217
>(615)878-1926
>*Attorney for Plaintiff*